[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiff contractor had been awarded two contracts in May, 1990 by defendant Town of Vernon for certain site improvements at Skinner Road School and Vernon Center Middle School. Plaintiff now seeks to collect the sum of $6,000.00 on each contract, alleging that said sum was improperly withheld by defendant, and also seeks payment of the sum of $1,000.00 for alleged extra concrete work at Skinner Road project, and a further sum of $9,500.24 for alleged extra grading and site work at Vernon Center Middle School project.
Plaintiff claims that it did not include the $6,000.00 contingency allowance in either contract due to the fact that the bid documents which referred to a contingency allowance being included in the contract's base bid also stated "as indicated in Section 01023" of the bid package, and there was no Section 01023 in the bid package.
As for the additional claims for extras at the respective project sites, plaintiff admitted that it had not submitted written change order requests due to the fact that either a town representative or architect's representative had orally declined the claims for alleged extras, and plaintiff accordingly determined it would be futile to submit such written change order requests.
Having instituted this action, the plaintiff has the burden of proving its claims by a fair preponderance of the evidence. The court has reviewed the testimony in this matter together with the exhibits filed by both parties and concludes that plaintiff has failed in its burden of proof in regard to both the contingency allowances and the alleged claims of extra work.
With reference to the contingency allowance, the bid documents required a bidder to bring any claimed ambiguities in the contract documents to the attention of the architect and CT Page 6138 that written notification be given to the town within 21 days of such disputes. Plaintiff admitted that no such written notice was given to defendant, nor was the claimed ambiguity ever brought to the attention of the architect until long after the project had commenced and requisitions for payment were being requested. Plaintiff testified that it did not have sufficient time to contact the architect prior to the bidding deadline, and chose to exclude the contingency allowance from its bid in order to be as competitive as possible. There was plenty of time for plaintiff to bring any alleged ambiguity to the attention of defendant and the architect prior to the execution of the contract, and it failed to do so.
Similarly, in regard to the claimed extra work at the respective project sites, no written claim was filed within the 21 day period specified in the contract documents and no written change order was ever filed. Plaintiff's belief of futility due to the oral declination of a request for extras is not a sufficient basis for failing to su submit a written change order request or written claim as required by the contract documents. The failure to submit the written change order requests gives credence to the testimony of the defendant's representative that the alleged extras were either a "wash" or were included in previous written and approved change orders.
For the foregoing reasons, judgment may enter for the defendant.
JOSEPH H. GOLDBERG SENIOR JUDGE